IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIDNEY L. COLEMAN,

                        Plaintiff,                        OPINION AND ORDER

        v.                                                24-cv-522-wmc

DR. ELIZABETH POI,
GRACE HOWARD,
MOLLY ARNDT,
SGT. WAYDE GUMMIN,
DR. AGNIESZKA ROGALSKA,
CALEB,
LT. PAUL BAUMAN,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
ACCESS HEALTH,
DANE COUNTY,
ROCK COUNTY,
MADISON PROPERTY, LLC,
BRIGID VICKERMAN,
ROCK COUNTY CORONER'S OFFICE, and
DANE COUNTY CORONER'S OFFICE,

                        Defendants,

Plaintiff Sidney L. Coleman, a former state prisoner representing himself, filed this

lawsuit under 42 U.S.C. § 1983, claiming that defendants Grace Howard, Molly Arndt,

Sgt. Wayde Gummin, Dr. Agnieszka Rogalska, Lt. Paul Bauman, Dane County, Rock

County, Brigid Vickerman, Rock County Coroner's Office, and Dane County Coroner's

Office intentionally violated his substantive and procedural due process rights by failing to

properly investigate his mother's cause of death.  (Dkt. #1.)  Plaintiff also brings two state

law wrongful death claims: first, against defendants Madison Property, LLC, John Doe 1,

John Doe 2, and John Doe 3, for alleged negligence in maintaining his mother's property

in a safe and habitable condition; and second, against defendants Dr. Elizabeth Poi, Caleb, and Access Health, for their alleged failure in addressing and responding to her obvious medical needs.

Because Coleman was granted leave to proceed in forma pauperis (dkt. #4) and was a prisoner at the time this lawsuit was filed, this court must screen and dismiss any claim brought that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2); 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts sufficient to show that they are plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. However, plaintiff will be granted leave to amend his complaint.

ALLEGED FACTS[1]

### A. The parties

Plaintiff Sidney Coleman's mother, Terry Coleman, lived in a property leased through defendant Madison Property, LLC, which employed defendants John Doe 1, John Doe 2, and John Doe 3. Defendant Dr. Elizabeth Poi was Terry Coleman's longtime

---

[1] Unless otherwise indicated, the allegations of fact in this section are taken from plaintiff's complaint and are presumed true for purposes of screening. In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

physician and was employed by defendant Access Health. Defendant Caleb provided mental health care services to Terry and was employed by non-defendant Journey Mental Health Crisis. Defendants Grace Howard, Sgt. Wayde Gummin, and Lt. Paul Bauman work for the City of Madison police. Defendant Molly Arndt is a medical examiner who works for defendants Dane County Coroner's Office and Rock County Coroner's Office. Defendant Dr. Agnieszka Rogalska previously worked for the Dance County Coroner's Office. Defendant Brigid Vickerman worked for the Rock County Coroner's Office. Defendants Dane County and Rock County are political subdivisions of the State of Wisconsin.

### B. Terry's health, death, and ensuing investigation

For years prior to her death, Terry complained to Madison Property, specifically, John Doe 1, John Doe 2, and John Doe 3, about feeling sick due to the presence of black and green mold in her home. As a remedy, Madison Property provided a humidifier and slightly lowered her rent.

Around October 4, 2022, Terry visited Dr. Elizabeth Poi at an Access Health clinic because she had not been feeling well. After seeing Poi, Terry was released as if she was in perfect health. The next day, Coleman's brother found Terry not breathing in her home and called 911.

First responders, including Arndt, Howard, Gummin, and Bauman, soon arrived. Arndt pronounced Terry dead on the scene. Rather than order an autopsy, Arndt ordered a toxicology report. Rogalska and Vickerman drafted the toxicology report, which concluded that Terry had committed suicide by overdosing on her mental health

3

medications.  Police officers Howard, Gummin, and Bauman did not investigate the death any further.

Coleman alleges that Madison Property could have prevented Terry's death if they had at least tried to remove the mold from the apartment or placed her in another unit, and he further alleges that Terry's health care providers should have seen that she was experiencing issues and given her the help she needed, but failed to do so.  Plaintiff contends that what has been said about his mother's cause of death does not add up and the uncertainty surrounding the circumstances of her death has caused continuing pain, suffering, and extreme emotional distress.

OPINION

Plaintiff brings one federal and two state law claims.  For his federal claim, plaintiff asserts that various government employees and entities violated his rights under the Fourteenth Amendment Due Process Clause by failing to thoroughly investigate his mother's cause of death.  For his state law claims, plaintiff asserts that his mother's landlord's negligence and her  care providers' malpractice wrongfully caused her death.

## I.  Federal due process claim

This court may not grant relief on plaintiff's due process claim.  To state a claim under the Due Process Clause, plaintiff must allege that defendants either "violated a fundamental right or liberty," *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019), or deprived him of a protected interest in life, liberty, or property without adequate process, *Reed v. Goertz*, 598 U.S. 230, 236 (2023).  Here, plaintiff claims a right to have the state

4

conduct a thorough investigation into his mother's cause of death.  However, "the right to know a decedent's true cause of death through an autopsy and criminal investigation simply is not a 'fundamental' interest." *Callihan v. Sudimack*, 117 F.3d 1420, 1997 WL 397212, at *3 (6th Cir. 1997) (unpublished).  Indeed, "the law appears to be just the opposite, *i.e.*, that the police (and, presumably, the coroner) have no constitutional duty to keep investigating a crime once they have established probable cause." *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986) (citing *Simmons v. Wainwright*, 585 F.2d 95, 96 (5th Cir. 1978) (per curiam); *Gramenos v. Jewel Companies*, 797 F.2d 432, 439-40 (7th Cir. 1986)).  Additionally, plaintiff's claim that due process was denied is contradicted by his allegation that a toxicology report was done which did determine his mother's cause of death.  Accordingly, plaintiff's claim that defendants Grace Howard, Molly Arndt, Sgt. Wayde Gummin, Dr. Agnieszka Rogalska, Lt. Paul Bauman, Dane County, Rock County, Brigid Vickerman, Rock County Coroner's Office, and Dane County Coroner's Office violated his right to have his mother's cause of death investigated and determined must be dismissed.

## II.  State law wrongful death claims

After dismissing plaintiff's due process claim, he is left with two state law claims. Ordinarily, when only state law claims remain after federal claims have dropped out of the case, the district court enjoys broad discretion whether to relinquish supplemental jurisdiction over the state law claims. *RWJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).  However, plaintiff's allegations suggest that this court may have subject-matter jurisdiction of his state law claims under 28 U.S.C § 1332(a)(1), which grants district courts "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States." So, before screening the merits of plaintiff's state law claims it must assure itself that subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party)

The complaint alleges that when plaintiff filed this lawsuit he was a citizen of Wisconsin, residing at the Eau Claire county jail, and that all defendants were Wisconsin residents, suggesting that there is no diversity between the parties. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) ("The operative date for determining the existence of diversity jurisdiction" is when the plaintiff files suit). However, citizenship requires allegations of the parties' domicile, not just residence. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile." (internal citations omitted)). Unlike residence, which could be shown in multiple states, a person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). For prisoners, they are "a citizen of the state of which [they were] a citizen before [they were] sent to prison unless [they] plan[] to live elsewhere when [they] get[] out, in which event it should be that state." *Bontkowski*, 305 F.3d at 763 (internal quotations omitted).

At the time plaintiff filed suit, he was detained in Wisconsin. However, his domicile prior to his detention is not alleged and, since his release, he has only provided this court

6

with out-of-state addresses, suggesting that he planned to live elsewhere at the time this action was filed.  Without allegations supporting plaintiff's domicile, his citizenship for diversity purposes remains unknown and the court cannot properly screen the remaining state-law claims in his complaint.  Accordingly, the court will deny plaintiff leave to proceed on his state law claims at this time, but will grant him 30 days to amend his complaint to include facts specific to his domicile, specifically where he was intending to live long-term at the time he filed this lawsuit.

ORDER

IT IS ORDERED that:

1)  Plaintiff Sidney Coleman's complaint (dkt. #1) is DISMISSED without prejudice.

2)  Plaintiff may have until June 11, 2026, to file an amended complaint.

3)  If plaintiff fails to file an amended complaint that states a claim by June 11, 2026, this case will be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

Entered this 11th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7