IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIDNEY L. COLEMAN,

Plaintiff,

v.

OPINION AND ORDER

24-cv-522-wmc

DR. ELIZABETH POI,
GRACE HOWARD,
MOLLY ARNDT,
SGT. WAYDE GUMMIN,
DR. AGNIESZKA ROGALSKA,
CALEB,
LT. PAUL BAUMAN,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
ACCESS HEALTH,
DANE COUNTY,
ROCK COUNTY,
MADISON PROPERTY, LLC,
BRIGID VICKERMAN,
ROCK COUNTY CORONER'S OFFICE, and
DANE COUNTY CORONER'S OFFICE,

Defendants,

In a previous order, the court dismissed the complaint filed by plaintiff Sidney L. Coleman for failure to state a claim upon which relief could be granted. (Dkt. #8.) Generally, plaintiff alleged that: various state entities and their employees violated his Fourteenth Amendment substantive and procedural due process rights by failing to properly investigate his mother's cause of death; his mother's health care providers were negligent in providing care; and her landlord was negligent in maintaining her property. The court explained that those allegations did not state a federal constitutional claim and that the court lacked sufficient information to determine whether it could exercise diversity

jurisdiction over Coleman's state law claims. The court granted Coleman leave to file an amended complaint "includ[ing] facts specific to his domicile, specifically where he was intending to live long-term at the time he filed this lawsuit." (*Id.* at 7.)

Coleman has now filed an amended complaint. (Dkt. #9.) Because Coleman filed this action while incarcerated and is proceeding without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2); 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, pro se plaintiffs must still allege facts sufficient to show that they are plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, Coleman will not be granted leave to proceed on any of his claims and this case will be closed.

## ALLEGED FACTS[1]

### A. The Parties

Plaintiff Sidney Coleman was a resident of Alabama. However, he was extradited to Wisconsin and held as a state prisoner at the Eau Claire County Jail, during which time

[1] Unless otherwise indicated, the allegations of fact in this section are taken from plaintiff's amended complaint and are presumed true for purposes of screening. In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

he filed this lawsuit. After his release, Coleman left Wisconsin with no intention to live in the state again.

Coleman's mother, Terry Coleman ("Terry"), formerly resided in Madison, Wisconsin, and lived in a residence leased through defendant Madison Property, LLC, which employed defendants John Doe 1, John Doe 2, and John Doe 3. Defendant Dr. Elizabeth Poi was Terry Coleman's longtime physician and was employed by defendant Access Health. Defendant Caleb provided mental health care services to Terry and was employed by non-defendant Journey Mental Health Center. Defendants Grace Howard, Sgt. Wayde Gummin, and Lt. Paul Bauman work for the City of Madison Police. Defendant Molly Arndt is a medical examiner who works for defendants Dane County Coroner's Office and Rock County Coroner's Office. Defendant Dr. Agnieszka Rogalska previously worked for the Dane County Coroner's Office. Defendant Brigid Vickerman worked for the Rock County Coroner's Office. Defendants Dane County and Rock County are political subdivisions of the State of Wisconsin.

**B. Terry's Health, Death, and Ensuing Investigation**

Around October 4, 2022, Terry visited Dr. Poi at an Access Health Clinic because she had not been feeling well. After seeing Dr. Poi, Terry was released as if she was in perfect health. The next day, Coleman's brother found Terry unresponsive and not breathing in her home and called 911.

First responders, including Arndt, Howard, Gummin, and Bauman, soon arrived. Arndt pronounced Terry dead at the scene. Rather than order an autopsy, Arndt ordered a toxicology report. Rogalska and Vickerman drafted the toxicology report, which

concluded that Terry had committed suicide by overdosing on her mental health medications. Police officers Howard, Gummin, and Bauman did not investigate the death any further.

Coleman alleges that Madison Property and its employees could have prevented Terry's death by properly responding to her complaints that the presence of black and green mold in her home was making her sick. Coleman further alleges that Terry's health care providers should have known that she was experiencing issues and given her the help she needed but failed to do so. Plaintiff alleges that what has been said about his mother's cause of death does not add up and the uncertainty surrounding the circumstances of her death has caused continuing pain, suffering, and extreme emotional distress.

## OPINION

Plaintiff now brings three federal and two state law claims. For his federal claims, plaintiff asserts that various government employees and entities violated his rights under the First Amendment, Fourth Amendment, and Fourteenth Amendment Due Process Clause by failing to thoroughly investigate his mother's cause of death. For his state law claims, plaintiff asserts that his mother's landlord's negligence and her care providers' malpractice wrongfully caused her death.

### I. Federal Claims

Plaintiff may not proceed on any of his federal claims. To begin, the court already addressed plaintiff's due process claims in its previous order and plaintiff has not alleged any new facts that would alter its analysis. Accordingly, for all the reasons stated in this

court's first screening order (dkt. #8, at 4-5), plaintiff may not proceed on those claims.

As to plaintiff's First and Fourth Amendment claims, plaintiff was *not* granted leave to amend his complaint to include new federal claims. Indeed, the court explicitly stated that he only had leave "to amend his complaint to include facts specific to his domicile, specifically where he was intending to live long-term at the time he filed this lawsuit." (Dkt. #8, at 7.) By attempting to assert new claims without permission, plaintiff has not followed the court's order.

Nevertheless, plaintiff's new allegations fail to state a claim that any defendant violated his rights under the First or Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and the First Amendment "guarantees all Americans the rights to speak, worship, publish, assemble, and petition their government freely," *First Choice Women's Res. Centers, Inc. v. Davenport*, 146 S. Ct. 1114, 1122 (2026). However, plaintiff has not alleged that any defendant conducted a search or seizure, nor has he asserted any facts as to how any defendant encroached on his right to speak, worship, publish, assemble, and petition their government freely. Accordingly, plaintiff may not proceed on any of these claims.

**II. State Law Wrongful Death Claims**

After dismissing plaintiff's federal claims, he is left with two state law claims. Specifically, plaintiff has asserted wrongful death claims against Madison Property and its employees for negligence in maintaining his mother's home, and he has asserted medical negligence/malpractice claims against Dr. Poi, Access Health, and Caleb.

**A. Subject Matter Jurisdiction**

As an initial step, the court must assure itself that subject-matter jurisdiction exists to adjudicate the merits of his state law claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party). Under 28 U.S.C § 1332(a)(1), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States." For the purposes of determining diversity jurisdiction, the court uses the date the plaintiff filed suit. *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002).

Here, plaintiff filed suit while a prisoner in Eau Claire County, Wisconsin. However, plaintiff has alleged that immediately before his imprisonment he was an Alabama resident; did not willingly return to Wisconsin; and had no intention of remaining in Wisconsin after his release. Accordingly, plaintiff's allegations support the inference that at the time this lawsuit was filed he was not a Wisconsin citizen. *See Bontkowski*, 305 F.3d at 763 (for prisoners, they are "a citizen of the state of which [they were] a citizen before [they were] sent to prison unless [they] plan[] to live elsewhere when [they] get[] out, in which event it should be that state.").

As to defendants Madison Property, John Doe #1, John Doe #2, John Doe #3, Dr. Elizabeth Poi, Access Health, and Caleb, plaintiff has alleged that each of them are Wisconsin residents. Thus, there is diversity of citizenship between the parties, meeting the criteria for subject matter jurisdiction pursuant to 28 U.S.C § 1332(a)(1), and the court

will therefore address the merits of plaintiff's state law allegations.

**B. Wrongful Death Claims**

First, the court must determine whether plaintiff is an appropriate party to bring a wrongful death action on behalf of his deceased mother. In Wisconsin, the general rule is that "[a]n action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs." Wis Stat. § 895.04(1). "The person to whom the amount recovered belongs" is defined in Wis Stat. § 895.04(2), which states in part, "if there are no [minor children under 18 years of age with whose support the deceased was legally charged], the amount recovered shall belong and be paid to the spouse or domestic partner of the deceased; if no spouse or domestic partner survives, to the deceased's lineal heirs as determined by [Wis. Stat.] § 852.01." Finally, Wis. Stat. § 852.01 dictates that if a decedent has no surviving spouse or surviving domestic partner, their estate passes to their issue, per stirpes. Because plaintiff has not alleged that his mother has a surviving spouse or domestic partner but has alleged that he is one of at least two of his mother's children, the court assumes for screening purposes that he is a proper party to bring a wrongful death claim.

**C. Negligence in Home Maintenance**

In Wisconsin the "general principles of negligence are fully applicable in the landlord and tenant context." *Antwaun A. ex rel. Muwonge v. Heritage Mut. Ins. Co.*, 228 Wis. 2d 44, 56, 596 N.W.2d 456 (1999) (citing *Pagelsdorf v. Safeco Ins. Co. of America*, 91 Wis. 2d 734, 742-43, 284 N.W.2d 55 (1979). To state a claim, however, a plaintiff must allege

facts showing show there was: "(1) [a] duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Id.*

Here, plaintiff supports his negligence claim with allegations that: his mother had been living in an apartment full of black and green mold for multiple years; Madison Property and its employees were aware of this problem; they provided a limited remedy, a dehumidifier; on October 5, 2022, his mother was found not breathing in her home; and an autopsy would have proven his mother's cause of death was long-term exposure to the mold. These allegations support a general inference that Madison Property and its employees had a duty to maintain his mother's apartment, breached that duty by neglecting to remedy its mold problem, and plaintiff suffered an actual loss. However, they do not support an inference that the failure to remedy the mold *actually caused* his mother's death. Indeed, his allegations specifically note that state investigators determined her cause of death to be an overdose. To the extent he alleges an alternate theory, namely that a more thorough inspection would be proved otherwise, his opinion on the issue is pure speculation with no foundation and does not plausibly entitle him to relief. *Twombly*, 550 U.S. at 557 (plaintiffs must still allege enough facts sufficient to show that they are plausibly entitled to relief). Accordingly, plaintiff may not proceed on claims against Madison Property or its employees.

**D. Medical Malpractice**

Unlike the landlord-tenant relationship, medical malpractice claims are not governed by Wisconsin's general wrongful death statute. Rather, "[Wisconsin Stat. ch.

655] established an exclusive procedure for the prosecution of malpractice claims against a health care provider." *Czapinski v. St. Francis Hosp., Inc.*, 2000 WI 80 ¶ 14, 236 Wis. 2d 316, 613 N.W.2d 120. And, in challenges to that procedure, Wisconsin courts have held that and an "adult child cannot bring a wrongful death claim alleging medical malpractice on the part of a health care provider covered by Chapter 655." *Andruss v. Divine Savior Healthcare Inc.*, 2022 WI 27 ¶ 27, 401 Wis. 2d 368, 973 N.W.2d 435 (citing *Czapinski*, 2000 WI 80 ¶ 23-25 (rejecting a request to "broaden the classification of claimants entitled to recover in such suits to include adult children"); *Lornson v. Siddiqui*, 2007 WI 92 ¶20, 302 Wis. 2d 519, 735 N.W.2d 55 ("Only minor children . . . have derivative claims under Wis. Stat. § 655.007.")). Accordingly, plaintiff, as an adult child of his deceased mother, is not permitted to proceed on a wrongful death claim against her health care providers.

Finally, after previously granting an opportunity to amend, dismissal of plaintiff's case is appropriate here because the court cannot conceive of any amendment that would satisfy Federal Rule of Civil Procedure 8. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile."). Accordingly, dismissal will be with prejudice, and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1) Plaintiff Sidney Coleman's amended complaint (dkt. #9) is DISMISSED WITH PREJUDICE for failure to state a claim.

2) The clerk's office is directed to close this case and record a "strike" under 28 U.S.C. § 1915(g).

Entered this 24th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge